UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| QUINDELL FORD,<br><br>            Petitioner,<br><br>    v.<br><br>B.M. TRATE,<br><br>            Respondent. | Case No. 1:22-cv-01595-CDB  (HC)<br><br>**FINDINGS AND RECOMMENDATION THAT THE PETITION FOR WRIT OF HABEAS CORPUS BE DISMISSED WITH PREJUDICE AND WITHOUT LEAVE TO AMEND**<br><br>(Doc. 1)<br><br>**FINDINGS AND RECOMMENDATION THAT PETITIONER'S MOTIONS FOR PRELIMINARY INJUNCTION AND DECLARATORY JUDGMENT BE DENIED AS MOOT**<br><br>(Docs. 5, 11, 12)<br><br>Related Case:  1:22-cv-01327-JLT-CDB |

## BACKGROUND

On October 17, 2022, Petitioner Quindell Ford filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. *Ford v. Trate*, No. 1:22-cv-01327-JLT-CDB ("Case No. 22-01327"). That case was transferred to the United States District Court for the District of Maryland on October 24, 2022. (Doc. 2).  On December 14, 2022, the District of Maryland transferred and returned Case No. 22-01327 to the Eastern District of California.

However, upon the transfer and reopening in this Court of Case No. 22-01327, the Clerk

of Court duplicated the action under a new case number, *Ford v. Trate*, Case No. 1:22-cv-01595-CDB ("Case 22-01595"). In recognition of this oversight, on January 23, 2023, the Court ordered the parties to make and caption all future filings in Case No. 22-01327 only and to cease making any filings in this case (Case 22-01595).

On May 16, 2023, the Hon. District Judge Jennifer L. Thurston entered an order dismissing Case No. 22-01327 and denying Petitioner's motion for preliminary injunction. With Petitioner's claims resolved in Case No. 22-01327, the Court now issues these findings and recommendations to terminate this pending, duplicative action (Case No. 22-01595).

**DUPLICATIVE CASES**

"District courts retain broad discretion to control their dockets and '[i]n the exercise of that power they may impose sanctions including, where appropriate, default or dismissal.'" *Adams v. California Dept. of Health Services*, 487 F.3d 684, 688 (9th Cir. 2007), *overruled on other grounds by Taylor v. Sturgell*, 553 U.S. 880 (2008) (quoting *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.3d 829, 831 (9th Cir. 1986) (per curiam)). "After weighing the equities of the case, the district court may exercise its discretion to dismiss a duplicative-later filed action, to stay that action pending resolution of the previously filed action, to enjoin the parties from proceeding with it, or to consolidate both actions." *Adams*, 497 F.3d at 688 (citing *Curtis v. Citibank, N.A.*, 226 F.3d 133, 138-39 (2d Cir. 2000); *Walton v. Eaton Corp.*, 563 F.2d 66, 70-70 (3d Cir. 1977) (en banc), cited with approval by *Russ v. Standard Ins. Co.*, 120 F.3d 988, 990 (9th Cir. 1997)).

Plaintiffs generally have "no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant." *Adams*, 497 F.3d at 688 (citations and quotations omitted.) To determine whether a suit is duplicative, the Court borrows the test used for claim preclusion. *Id*. "[T]he true test of the sufficiency of a plea of 'other suit pending' in another forum [i]s the legal efficacy of the first suit, when finally disposed of, as 'the thing adjudged,' regarding the matters at issue in the second suit." *Id*. (quoting *The Haytian Republic*, 154 U.S. 118, 124 (1894)). "Thus, in assessing whether the second action is duplicative of the first, we examine whether the causes of action and relief sought, as well as the

parties or privies to the action, are the same." *Adams*, 497 F.3d at 689 (citing *The Haytian Republic*, 154 U.S. at 124 ("There must be the same parties, or, at least, such as represent the same interests; there must be the same rights asserted and the same relief prayed for; the relief must be founded upon the same facts, and the . . . essential basis, of the relief sought must be the same." (Internal quotation marks omitted).

**DISCUSSION**

The Court has reviewed the filings in this case and Case No. 22-01327 and finds that the parties, facts, causes of action, and relief sought are the same. The petition is identical across both actions. Thus, in both petitions, Petitioner contends he is "actually innocent" of a 96-month sentence imposed following his conviction for brandishing a firearm during and in relation to a Hobbs Act robbery. Further, the pending motion for preliminary injunction in this action (Doc. 5) is a photocopy of the same motion filed and disposed of in Case No. 22-01327.

Both petitions assert that this Court has jurisdiction to consider Petitioner's claims under 28 U.S.C § 2255(e), the "escape hatch," which permits a federal prisoner to challenge the constitutionality of his federal conviction or sentence under 28 U.S.C. § 2241. *Harrison v. Ollison*, 519 F.3d 952, 956 (9th Cir. 2008). The court of conviction has jurisdiction to hear a petition under the "escape hatch" of § 2255 when a petitioner (1) makes a claim of actual innocence, and (2) has not had an unobstructed procedural shot at presenting that claim. *Stephens v. Herrera*, 464 F.3d 895, 897 (9th Cir. 2006).

In Case No. 22-01327, the Court found that it lacked jurisdiction over the petition because Petitioner cannot establish that he never had an unobstructed procedural shot at presenting his actual innocence claim. *Ford v. Trate*, Case No. 1:22-cv-01327-JLT-CDB, 2023 WL 3483781, *1 (E.D. Cal. May 16, 2023). Petitioner did not lack an unobstructed procedural shot since the Fourth Circuit authorized him to file a successive § 2255 petition challenging his 96-month consecutive sentence. Furthermore, Petitioner did in fact file the successive § 2255 petition, which is currently pending in the District of Maryland. *Id*. (citing *Lewis v. Salazar*, 829 Fed. Appx. 239, 241 (9th Cir. 2020) (affirming district court's dismissal of habeas petition brought pursuant to escape hatch because petitioner was able to present the same claim in motions to

3

leave to file successive § 2255 petitions)).

The equities in this case do not justify any other action other than dismissal. Even if Petitioner's successive § 2255 motion reached a resolution in the District of Maryland, this Court would still lack jurisdiction over this case. Indeed, "it is not enough that the petitioner is presently barred from raising his claim of innocence by motion under § 2255.  He must never have had the opportunity to raise by motion." *Ivy v. Pontesso*, 328 F.3d 1057, 1060 (9th Cir. 2003).

## CONCLUSION AND RECOMMENDATION

For the forgoing reasons, the Clerk of Court is DIRECTED to assign United States District Judge Jennifer L. Thurston to this action, noting that this case is related to Case No. 1:22-cv-01327-JLT-CDB.  *See* Local Rule 123; Local Rule 190(d).

Furthermore, the Court HEREBY RECOMMENDS that this case be dismissed with prejudice as duplicative of Case No. 1:22-cv-01327-JLT-CDB.

The Court FURTHER RECOMMENDS that Petitioner's motions for Preliminary Injunction (Docs. 5, 11) and Declaratory Judgment (Doc. 12) be denied as moot.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within 14 days after being served with these findings and recommendations, Petitioner may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Petitioner is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: __May 31, 2023__          _____
                                 UNITED STATES MAGISTRATE JUDGE